UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIAN HUNTER** | **CIVIL ACTION** |
| **VERSUS** | **NO:     05-2698** |
| **GOODWILL INDUSTRIES, SELA, INC.** | **SECTION:  "R" (4)** |

### REPORT AND RECOMMENDATION

This employment discrimination case was referred to the undersigned United States Magistrate Judge pursuant to Title 28 United States Code § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

The plaintiff, Marian Hunter, filed a complaint on June 27, 2005. The defendant, Goodwill Industries, SELA, Inc., was never served nor did it ever make an appearance on the record. On January 26, 2006, this Court ordered that Hunter show cause by February 15, 2006, why her case should not be dismissed for failure to serve the defendant within 120 days of the filing of her complaint as required by Federal Rule of Civil Procedure 4(m). (*See* Rec. Doc. No. 3).

On February 15, 2006, Hunter filed a response requesting an additional twenty days to effect service on the defendant. The Court granted the request, however, service was never made. On March 23, 2006, this Court again ordered that Hunter show cause by April 12, 2006 why her case should not be dismissed for failure to serve the defendant. (*See* Rec. Doc. No. 6). The order

specifically stated that failure to comply could result in dismissal without further notice. Hunter never responded.

Accordingly,

**IT IS RECOMMENDED** that Hunter's claims against Goodwill Industries, SELA, Inc., be **DISMISSED WITH PREJUDICE** for failing to comply with the Show Cause Order issued by the United States Magistrate Judge on March 23, 2006.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 13th day of April 2006

 **KAREN WELLS ROBY**
 **UNITED STATES MAGISTRATE JUDGE**