UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


MARIAN HUNTER                                  CIVIL ACTION

VERSUS                                         NO: 05-2698

GOODWILL INDUSTRIES, SELA                      SECTION: "R"(4)
INC.


### ORDER AND REASONS

The Court, having considered the complaint, the procedural record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and plaintiff's objections to the Magistrate Judge's Report and Recommendation, rules as follows.

Plaintiff Marian Hunter filed her complaint against Goodwill Industries, SELA, on June 27, 2005. On January 26, 2006, the Magistrate Judge ordered Hunter to show cause by February 15, 2006, as to why her complaint should not be dismissed for failure to serve the defendant within 120 days of filing suit, as required by Fed. R. Civ. P. 4(m). Hunter filed a motion for a 20-day extension of time to complete service, which the Magistrate Judge granted on February 16, 2006. As of March 23,

2006, Hunter had still failed to complete service, and the Magistrate Judge again ordered her to show cause as to why her complaint should not be dismissed. Hunter was ordered to show cause by April 12, 2006. She never responded to this order, and the Magistrate Judge recommended dismissal with prejudice on April 13, 2006.

Plaintiff objects to the Magistrate Judge's recommendation. She asserts that defendant has changed addresses since the suit was filed and that the Orleans Parish Sheriff's Department is very slow to effect service of process.

Rule 4(m) establishes the time limit for service of process. It provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, if a plaintiff does not make proper service within 120 days after the complaint is filed, the district court may either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." *Id*. The second part of the rule restricts the district court's ability to dismiss the case, making an extension of time mandatory when plaintiff shows good cause. *See Thompson v.*

*Brown*, 91 F.3d 20, 21 (5th Cir. 1996). When service of process is challenged, the plaintiff carries the burden of proving good cause for the failure to effect timely service. *See Kimble v. Allied Physicians, LLC*, 2005 WL 1038202 at *2 (E.D. La. 2005). If the plaintiff fails to show good cause, the Court may, in its discretion, dismiss the case without prejudice or grant a further extension of time. *Thompson*, 91 F.3d at 21.

It has now been over a year since plaintiff filed suit in this matter. She has still not served the defendant. She did not respond at all to the Magistrate Judge's last order and has presented no evidence to the Court of any efforts at service since February 10, 2006. She submitted a photocopy of an envelope sent from the Orleans Parish Sheriff's Office to her counsel, dated March 10, 2006, which she claims shows that the summons came back due and delinquent, but she provided no evidence of any further communications with the Orleans Parish Sheriff's Office.

The Court finds that sufficient time has passed for plaintiff to locate a current address for defendant and effect service of process. Plaintiff has failed to show good cause for her inability to effect service, and she has presented no evidence of any attempts at service since February 10, 2006. Plaintiff's failure to respond to the Magistrate Judge's order suggests that she is not diligently attempting to remedy this

defect. The Court thus DISMISSES the matter **without** prejudice. To the extent that the Magistrate Judge recommended dismissal with prejudice, the Court rejects that recommendation.

New Orleans, Louisiana, this  13th  day of July, 2006.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT COURT