```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


MARIAN HUNTER                                CIVIL ACTION

VERSUS                                       NO: 05-2698

GOODWILL INDUSTRIES SELA,                    SECTION: "R"(4)
INC.
```

### ORDER AND REASONS

Before the Court is plaintiff Marian Hunter's appeal of the magistrate judge's order granting attorneys' fees to defendant Goodwill Industries of Southeast Louisiana, Inc. For the following reasons, the Court AFFIRMS the ruling of the magistrate judge.

### I.   BACKGROUND

Plaintiff Marian Hunter, an African-American woman, was employed as a Career Development Specialist with defendant Goodwill Industries of Southeastern Louisiana from October 16, 2000 until she was terminated on December 13, 2004. At the time she was terminated, Hunter was 64 years old. On June 27, 2005, Hunter sued Goodwill on account of her termination, which Hunter

alleged was effectuated because of her race and/or age, as well as in retaliation for exercising her free speech rights under the First Amendment.[1]  The pertinent facts for resolving this motion are as follows.

On March 16, 2007, during discovery, Goodwill filed a motion to compel responses to its written discovery requests, which had been served on plaintiff in January 2007.  (R. Doc. 39).  Plaintiff did not file any opposition to the motion before it was heard on April 11, 2007.  (R. Doc. 48).  On April 18, 2007, the magistrate judge granted Goodwill's motion to compel and ordered Goodwill to file into the record evidence of the costs and fees it expended in the course of litigating its motion to compel under Rule 37(a)(4) of the Federal Rules of Civil Procedure. (*Id.*).  The magistrate judge directed Goodwill to submit the fee documentation by April 25, 2007 and ordered plaintiff to file any opposition to the fee application by April 30, 2007.  (*Id.*). Goodwill submitted its fee application on April 25, 2007; it was

---

[1] The Court notes that this suit was initially dismissed without prejudice on June 13, 2006 for failure to effect service of the defendant.  (R. Doc. 9).  Plaintiff then filed an amended complaint on August 18, 2006, re-urging most of her original claims against defendant.  (R. Doc. 16).  In light of Goodwill's motion for a more definite statement of plaintiff's claims under Rule 12(e) of the Federal Rules of Civil Procedure, plaintiff filed a second amended complaint on December 15, 2006.  (R. Doc. 29).  The allegations in the second amended complaint were before the Court during the events relevant to this appeal.

not opposed by plaintiff.  On May 23, 2007, the magistrate judge awarded attorneys' fees to Goodwill in the amount of $2,233.  (R. Doc. 75).  Plaintiff then filed this appeal of the magistrate judge's May 23, 2007 order on June 8, 2007.[2]  In the meantime, the parties settled the matter before trial.

**II. DISCUSSION**

    **A.   Applicable Law**

A magistrate judge may hear and determine any pretrial matter pending before a district court.  28 U.S.C. § 636(b)(1)(A).  Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters.  *See* Fed. R. Civ. P. 72(a).  In a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision can demonstrate that the

---

   [2] The Court notes that plaintiff's appeal may be untimely, as a party has ten days within which to file objections with the district judge as to a ruling on a nondispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure.  However, the record indicates that plaintiff initially attempted to electronically file her appeal on June 4, 2007, which was less than ten days after the magistrate judge issued the attorneys' fee award.  (R. Doc. 81).  The motion was deemed deficient for lack of a notice of hearing.  Plaintiff did not correct the deficiency until June 8, which was 11 days after the fee award.  Nevertheless, in light of plaintiff's attempt to file the motion on June 4 and the fact that Goodwill has not objected to the timeliness of plaintiff's motion, the Court will proceed to consider plaintiff's appeal on the merits.

determination was clearly erroneous or contrary to law.  *Id.; see also Castillo v. Frank*, 70 F.3d 382, 385-86 (5th Cir. 1995).  A magistrate judge's decision is clearly erroneous when, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

    **B.**    **Plaintiff's Objections**

Plaintiff does not contest the underlying basis upon which the magistrate judge granted attorneys' fees to Goodwill, but rather the amount that the magistrate judge determined to be reasonable for the filing of Goodwill's motion to compel as a result of plaintiff's failure to respond to Goodwill's discovery requests.  In particular, plaintiff suggests that the magistrate judge erred in calculating reasonable attorneys' fees by using the lodestar method.  Plaintiff points to a recent decision by a different magistrate judge in this district, in which Goodwill was awarded an amount from the same plaintiff's counsel in a similar case for the fees and costs associated with Goodwill's motion to compel.  There, the magistrate judge awarded Goodwill $450 for reasonable attorneys' fees and costs, an amount that was apparently not calculated using the lodestar method.  (Civ. Action No. 05-2695, R. Doc. 39).

The Court does not find that plaintiff has advanced a sufficient reason to overturn the magistrate judge's decision in this matter.  First, the magistrate judge in *Barbarin v. Goodwill Indus. SELA*, Inc., Civ. Action No. 05-2695, provided no explanation for awarding Goodwill a fixed sum of $450 in attorneys' fees.  (Civ. Action No. 05-2695, R. Doc. 39).  Second, the magistrate judge's use of the lodestar method here to calculate reasonable attorneys' fees under Rule 37(a)(4) is in accordance with Fifth Circuit law.  *See Tollett v. City of Kemah*, 285 F.3d 357, 367-68 (5th Cir. 2002) ("we primarily use 'the lodestar method to calculate attorney's fees" for Rule 37 sanctions) (internal citations omitted).  Moreover, the magistrate judge appropriately determined the lodestar by "multiplying the number of hours reasonably expended by *an appropriate hourly rate in the community for such work*."  *Id.* at 367 (quoting *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)) (emphasis in original).  The magistrate judge also properly considered the factors set forth in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), in deciding whether to adjust the lodestar upward or downward. The Court therefore finds no merit in plaintiff's objections to the magistrate judge's calculation of attorneys' fees here, as it was plainly not erroneous nor contrary to law.  Furthermore, the

Court notes that plaintiff in fact substantially benefitted from the magistrate judge's thorough analysis of the lodestar method in this matter, as the magistrate judge ultimately reduced the amount of fees assessed against plaintiff from Goodwill's request of $4,248 to the present award of $2,233.

### III. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the ruling of the magistrate judge.

New Orleans, Louisiana, this 21st day of June, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT